**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
|---|---|---|---|
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Fisher | Jeffrey Horowitz |
| | Stanley Cheiken |

**Proceedings:**   TELEPHONE HEARING RE: MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION OVER DEFENDANT STEVE RADE (Dkt. 14, filed on March 8, 2021)

## I.    INTRODUCTION

On December 29, 2020, plaintiff Novian & Novian, LLP ("Novian") filed suit in this Court against defendants Wireless Xcessories Group, Inc. ("WireX"), and Steve Rade. Dkt. 1 ("Compl."). The Complaint alleges claims for: (1) breach of contract, (2) common count, (3) account, (4) quantum meruit, (5) unjust enrichment, and (6) fraud. Id. ¶¶ 27–53. The claims arise from WireX's alleged failure to pay plaintiff $173,800.67 in outstanding attorneys' fees and costs.

On March 8, 2021, Rade filed the instant motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Dkt. 14 ("Mot."); see dkt. 14-1, Declaration of Stephen Rade ("Rade Decl."). Plaintiff opposed on March 29, 2021. Dkt. 17 ("Opp."); see dkt 17-1, Declaration of Farhad Novian ("Farhad Decl.").[1] Plaintiff filed currently with its Opposition a series of evidentiary objections to the Rade

---

[1] Because the Court elects for convenience to refer to plaintiff as Novian, the Court respectfully refers to Farhad Novian by his first name.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                                    'O'

| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

Declaration.[2]  Dkt. 18 ("Plt. Evid. Objs.").  Rade replied on April 5, 2021.  Dkt. 20 ("Reply").  The Court held a hearing on April 19, 2021.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

### A.    The Underlying Dispute

Plaintiff is a limited liability partnership which provides legal services; it is organized under the laws of the State of California, with a principal place of business in Los Angeles, California.  Compl. ¶¶ 1, 9.  Each of plaintiff's partners are residents of California.  Id. ¶ 4(a).  WireX was a corporation organized under the laws of the State of Pennsylvania, with a principal place of business in Huntingdon Valley, Pennsylvania.  Id. ¶ 2.  According to Rade, WireX has been out of business for more than four years, and has been dissolved under the laws of the State of Delaware.[3]  Mot. at 1.  Rade is an 83-year-old individual who is and at all relevant times was domiciled in the County of Montgomery, Pennsylvania.  Compl. ¶ 3.  Rade was WireX's former President and Chief Executive Officer ("CEO").  Mot. at 1.

Plaintiff alleges that, on December 29, 2014, plaintiff entered into an hourly-based, written retainer agreement with WireX for the performance of legal services related to a lawsuit pending in the District of Colorado, Foreign Trade Corp. (d/b/a Technocel), et al. v. Otter Products, LLC, et al., No. 1:14-cv-03133-JLK (D. Colo.) ("2014 Agreement").  Compl. ¶¶ 9, 13.  This agreement was executed and signed by Rade on behalf of WireX.

---

[2] Plaintiff objects to 36 statements in the Rade Declaration on the grounds that, *inter alia*, their probative value is outweighed by the risk of undue prejudice, confusion of the issues or consumption of time, Fed. R. Evid. 403; they lack foundation or are speculation, Fed. R. Evid. 602, 901; they are irrelevant, Fed. R. Evid. 210; or they are improper lay opinion, Fed. R. Evid. 701.  To the extent the Court relies on any of the challenged statements, the Court overrules plaintiff's objections.

[3] The parties apparently disagree as to under which state WireX was incorporated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                 **'O'**

| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

Id. In the Farhad Declaration, Farhad provides additional details about the negotiation of the 2014 Agreement. Farhad attests that, on December 24, 2014, Rade emailed Farhad from his personal email address, expressing an interest in retaining Novian "to assist him and [WireX]" in certain legal matters. Farhad Decl. ¶ 3. Farhad further states that, on December 26, 2014, he and Rade discussed, over the phone, this potential representation. Id. ¶ 4. On December 28, 2014, Rade apparently emailed Farhad, from his personal email address, requesting that Farhad send him a retainer agreement setting forth the scope of services Novian would perform for WireX. Id. ¶ 5. Novian sent a retainer agreement— the 2014 Agreement—to Rade on December 29, 2014. Id. ¶ 6. Rade apparently signed the 2014 Agreement, in his capacity as President of WireX, on January 2, 2015. Id. ¶ 7; see Farhad Decl., Exh. A (2014 Agreement). Rade also paid a $7,500 retainer agreement that day. Farhad Decl. ¶ 7; see Farhad Decl., Exh. B ("Retainer Invoice"). According to the credit card information listed on the invoice, the name on the credit card is Stephen Rade, and the address is 1840 County Line Rd., STE 301, Huntingdon Valley, PA 19006, see Retainer Invoice, which is WireX's business address, Compl. ¶ 2. Rade contends this was a corporate credit card. Reply at 2. The parties supplemented and amended the 2014 Agreement on April 7, 2016 ("2016 Agreement," together, "Agreements"). Compl. ¶ 10. The 2016 Agreement was executed by Rade on behalf of WireX. See Farhad Decl., Exh. D (2016 Agreement) at 11.

Plaintiff alleges that the Agreements committed WireX to pay plaintiff hourly attorneys' fees in exchange for plaintiff's representing WireX in the Colorado lawsuit. Compl. ¶¶ 11, 13. The Agreements apparently also committed WireX to either advance or repay all costs and expenses incident to the representation. Id. ¶ 12. Farhad avers, in the Farhad Declaration, that payments for services rendered under the Agreements were often made my Rade personally. Farhad Decl. ¶ 9. Farhad supports this account by noting that many of the credit card receipts reflect that payment was made on a credit card ending in -1006, under the name Stephen Rade. See Farhad Decl., Exh. E. As noted above, Rade contends this was a corporate credit card. Reply at 2.

Plaintiff alleges that it represented WireX as the case proceeded toward trial. Farhad Decl. ¶¶ 13, 15. This representation included retaining and coordinating expert witnesses; drafting and defending pretrial motions, including several motions pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); and travelling to Denver, Colorado in order to attend pretrial conferences. Id. ¶¶ 15–17. Plaintiff avers that this

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

work was largely conducted between May and July 2019. Id. ¶ 17. Following a June 10, 2019 hearing, the defendant in the action settled with WireX. Id. ¶ 19–20.

In his declaration, Farhad avers that, beginning in June 2018, WireX failed to make timely payments to Novian. Id. ¶ 10. Farhad states that he and other Novian employees contacted Rade and other WireX employees, by telephone and email, to request that WireX remit outstanding payments. Id. ¶ 11. On September 16, 2018, Farhad apparently spoke to Rade on the telephone while Farhad was in Los Angeles. Farhad states Rade assured him that WireX would fully satisfy the outstanding August and September 2018 invoices. Id. ¶ 12. Rade also apparently stated that WireX would satisfy all future fees and costs arising from Novian's representation of WireX. Id. Farhad further attests that, "on no less than a dozen distinct and separate occasions," Rade assured Farhad that payment on the outstanding invoices would be made and requested that Novian continue representing WireX. Id. ¶ 13.

Apparently, Farhad and Rade had two in-person meetings in Southern California. Farhad states that, on March 7, 2018, Rade flew to Los Angeles to discuss developments in the litigation, and strategy moving forward. Id. ¶ 16. The two met at a hotel. Id. Farhad states that he and Rade discussed payment on certain outstanding bills. Id. Farhad relates that Rade reassured him that all outstanding and future fees would be paid. Id. ¶ 17. Again, on December 27, 2019—after the underlying litigation had settled—Farhad and Rade met in person, this time in Beverly Hills, California. Id. ¶ 22. This meeting was apparently held at the request of Rade, who wanted to discuss how WireX would pay its outstanding legal fees. Id. ¶ 21. Farhad states that Rade again reassured him that WireX would repay Novian's outstanding legal fees. Id. ¶ 23.

Plaintiff contends WireX has an outstanding bill for $144,425.67 in attorneys' fees and costs. Compl. ¶ 23. One expert retained by plaintiff has apparently brought suit against plaintiff to collect an unpaid invoice of $29,475.00 for his services related to the Colorado litigation. Id. Plaintiff alleges that, in total, it has suffered $173,800.67 in damages, which it seeks to collect, plus interest. Id. ¶ 24. (In his declaration, Farhad states that WireX's outstanding balance is at least $223,800.67, plus interest. Farhad Decl. ¶ 30.)

Rade now moves to dismiss this action for lack of personal jurisdiction over him, pursuant to Rule 12(b)(2). Mot. at 1. Alternatively, Rade asks that the case be transferred to the United States District Court for the Eastern District of Pennsylvania. Id.

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
|---|---|---|---|
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

## III.  LEGAL STANDARDS

### A.  Personal Jurisdiction

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant.  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006).  Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001).  Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.  AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181.  If the defendant submits evidence controverting the allegations, however, the plaintiff may not rely on its pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (quoting Amba Mktg. Servs., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977)).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154–55 (citing Fireman's Fund Ins. Co. v. Nat'l Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996).  California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state and federal law are the same.  Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).  The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities."  Perkins v. Benguet

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
|---|---|---|---|
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

Consol. Mining Co., 342 U.S. 437, 446–47 (1952); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citing Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and must do so to establish specific jurisdiction. Schwarzenegger, 374 F.3d at 802.

If the plaintiff establishes the first two prongs, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the "extent of the defendant's purposeful injection into the forum"; (2) the burdens on defendant from litigating in the forum state; (3) the "extent of conflict with the sovereignty of the defendant's state," (4) the forum state's "interest in adjudicating the dispute"; (5) the "most efficient judicial resolution of

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
|---|---|---|---|
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

the controversy"; (6) the "importance of the forum to the plaintiff's interest in convenient and effective relief"; and (7) the existence of an alternative forum. Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995).

**B.    Transfer**

In deciding a motion to transfer, the Court must consider the following three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29–30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 U.S. Dist. LEXIS 96379, *3–4 (C.D. Cal. 2006)

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278–79 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
|----------|----------------------|------|----------------|
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

## IV.    DISCUSSION

### A.    Personal Jurisdiction

Plaintiff argues that this Court may exercise specific personal jurisdiction over Rade in his own right, and because it may exercise specific personal jurisdiction over WireX, which is an alter ego for Rade.

Rade argues that this Court lacks personal jurisdiction over him because he has never maintained minimum contacts with the State of California, and even if the Court could find personal jurisdiction over WireX, plaintiff's argument for alter ego liability fails and thus cannot establish personal jurisdiction over Rade.[4]  Mot. at 7.

#### 1.    Purposeful Direction

Rade argues that he did not purposefully avail himself of the privilege of conducting activities in California, and he did not consummate any transaction in the forum.  Mot. at 10.  Rade argues that he did not engage plaintiff as legal counsel—WireX did.  Id.  And Rade argues that plaintiff represented WireX in litigation which took place in Colorado, not California.  Id.

Plaintiff responds that Rade's position as a corporate officer cannot shield him from liability.  Opp. at 8.  To the contrary, plaintiff argues that Rade is subject to personal jurisdiction "because Rade was a primary participant in the alleged unlawful activity."  Id. at 9.  Specifically, Rade "intentionally directed his false and misleading statements to a California resident" when he "sent emails and made phone calls to [Farhad] while [Farhad] was in California … repeatedly assuring [Farhad]" that WireX would satisfy its outstanding legal fees, and "flew to Los Angeles, California to provide further assurances that payment was forthcoming."  Id.

"[A]vailment and direction are … two distinct concepts.  A purposeful availment analysis is most often used in suits sounding in contract.  A purposeful direction analysis,

---

[4] Plaintiff does not argue that general jurisdiction exists over Rade.  See Opp. at 7. Accordingly, the Court does not address Rade's argument that general jurisdiction is lacking.  See Mot. at 8–9.

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

on the other hand, is most often used in suits sounding in tort." Schwarzenegger, 374 F.3d at 802.  Here, plaintiff raises several claims sounding in contract, and one fraud claim, which is an intentional tort.  And because the fraud claim arises from statements made after the formation of the Agreements, the Court applies the purposeful direction test to this claim.  See Creative Healthcare Sol., Inc. v. Broadreach Med Res., Inc., No. CV 08-1789-GW(CAX), 2008 WL 11342911, at *5 (C.D. Cal. July 28, 2008) (applying purposeful direction analysis to fraud claim where defendant "allegedly made certain fraudulent representations to Plaintiff in reaffirming that … payment would be made pursuant to the contract"); see also Boschetto v. Hansing, 539 F.3d 1011, 1016–19 (9th Cir. 2008) (applying purposeful availment test to a complaint that contained claims for breach of contract and fraud where alleged fraudulent statements were made *in the contract at issue*).

"In analyzing whether a court has specific personal jurisdiction over a tort claim, [courts] apply [the] three-part 'effects' test derived from Calder v. Jones, 465 U.S. 783 (1984)[.]" Picot v. Weston, 780 F.3d 1206, 1213–14 (9th Cir. 2015).  "[T]he 'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  Dole Food Co. v. Watts, 303 F.3d 1104, 1110–11 (9th Cir. 2002) (discussing Calder, 465 U.S. 783).

Here, plaintiff has sufficiently pled that Rade's allegedly false statements were made intentionally.  Furthermore, plaintiff has established that Rade knew his statements were made to California residents, and therefore knew that any injury caused by these statements was likely to be suffered in California.  Plaintiff has therefore sufficiently alleged the elements of the effects test.  See Dole, 303 F.3d at 1112 (express aiming step met where defendants knew plaintiff's "principal place of business was in California, knew that the decisionmakers for [plaintiff] were located in California, and communicated directly with those California decisionmakers"); Creative Healthcare Sol., Inc. v. Broadreach Med Res., Inc., No. CV 08-1789-GW(CAX), 2008 WL 11342911, at *4 (C.D. Cal. July 28, 2008) (specific personal jurisdiction appropriate over fraud claim where defendant knew plaintiff was California corporation).  Accordingly, plaintiff has established purposeful direction.

       2.    Arising Out of Forum-Related Conduct

Under the second prong of the specific personal jurisdiction analysis, the Court must assess whether plaintiff's claims "'arise out of or relate to the defendant's contacts' with the forum." Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S.Ct. 1017, 1025 (2021)

**CIVIL MINUTES – GENERAL**          '**O**'

| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
|---|---|---|---|
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

(quoting <u>Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.</u>, 137 S.Ct. 1773, 1780 (2017)). "The first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." <u>Id.</u> at 1026; see <u>In re Western States Wholesale Nat. Gas Antitrust Litig.</u>, 715 F.3d 716, 742 (9th Cir. 2013) ("[A] lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action." (citations omitted)).

Rade argues that plaintiff cannot establish that, but-for Rade's activities in California, plaintiff would not have a claim against him. Mot. at 10. Rade argues that plaintiffs' claim for unpaid legal fees "has little to do with California and still less to do with any activities of Rade that occurred in California." <u>Id.</u>

Plaintiff responds that "this action arises from the very same fraudulent and unlawful conduct Rade directed at this forum." Opp. at 9–10.

As explained above, Rade's contacts with California consist of, among other things, making allegedly fraudulent statements to California residents. As alleged, plaintiff's injury arises out of these allegedly fraudulent statements. A direct nexus exists between these statements and the fraud claim. <u>See Dole</u>, 303 F.3d at 1114 (claims arose out of forum-related contacts where contacts were an "integral and essential part[ ]" of the allegations underlying plaintiff's claims). Accordingly, plaintiff has established that its fraud claim arises out of certain of Rade's forum-related contacts.

### 3. Reasonableness

Finally, the Court must assess whether it would be reasonable to subject Rade to personal jurisdiction in California. The burden is on Rade to present a "compelling case that the exercise of jurisdiction would not be reasonable." <u>Menken v. Emm</u>, 503 F.3d. 1050, 1057 (9th Cir. 2007). As noted above, the reasonableness prong requires the Court to balance seven factors: (1) the "extent of the defendant's purposeful injection into the forum"; (2) the burdens on defendant from litigating in the forum state; (3) the "extent of conflict with the sovereignty of the defendant's state," (4) the forum state's "interest in adjudicating the dispute"; (5) the "most efficient judicial resolution of the controversy"; (6) the "importance of the forum to the plaintiff's interest in convenient and effective relief"; and (7) the existence of an alternative forum. <u>Ziegler</u>, 64 F.3d at 475.

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

Rade argues that, even if plaintiff could establish the first two prongs of the specific jurisdiction test, "given the paucity of activity by Rade in California and the fact that Novian was engaged to provide services in Colorado for a Delaware corporation located in Pennsylvania, it is entirely unreasonable to hale Rade into court in California." Mot. at 10–11.

Plaintiff responds that Rade "purposefully injected himself into this forum on numerous occasions in direct connection with the very fraudulent and unlawful activities underpinning the Complaint." Opp. at 10. Furthermore, plaintiff argues that Rade will not be inconvenienced by litigating the action in this forum because "Rade is no stranger to this forum. Rather, Rade makes and oversees substantial investments in California-based businesses, and visits this forum frequently for both business and pleasure." Id. at 11. Plaintiff also contends this forum is convenient in that witnesses and evidence of the alleged fraudulent acts "are primarily located in California." Id. Finally, plaintiff argues that California has an interest in providing a forum for its residents to redress injuries caused by out-of-state actors. Id.

First, Rade's alleged fraudulent statements were made to California residents. Furthermore, plaintiff alleges that, at least on two occasions, these statements were made while in California. These statements form the basis of the fraud claim. Additionally, Rade contracted with plaintiff, a California corporation. In light of these contacts, the Court finds that the "purposeful injection" factor weighs in favor of finding personal jurisdiction is reasonable. See Panavision Intern., L.P. v. Toeppen, 141 F.3d 1316, 1323 (9th Cir. 1998) (finding "purposeful interjection" factor weighed "strongly in favor of the district court's exercise of personal jurisdiction" where the defendant knew its conduct would harm plaintiff in California and sent a letter to plaintiff in California).

Rade contends that the burden of defending this suit in California would be significant because he is aged, and he is responsible for caring for his aged wife. Rade Decl. ¶¶ 3–4. On the other hand, Rade has at least one daughter in California and visits occasionally. Id. ¶ 37. Although the parties dispute the nature of Rade's meetings with Farhad in California, whether these meetings were purely social or involved some discussion of the Colorado litigation, it is clear that Rade has visited California somewhat recently. The Court finds this factor neither weighs in favor of exercising personal jurisdiction, nor against it.

Rade has made no showing of any conflict with the sovereignty of Pennsylvania.

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

California also has an interest in adjudicating this action, which concerns a California corporation and where at least some of the relevant conduct occurred in California. See Burger King, 471 U.S. at 474 ("A State generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors.").

Rade argues that certain witnesses may be in Pennsylvania, but he does not identify those witnesses, nor does he identify specifically what evidence they would provide. On the other hand, it is clear that several witnesses, such as Farhad and other people related to Novian, will be in California. Additionally, plaintiff is located in California. As such, the fifth and sixth factors do not weigh in favor of finding the exercise of personal jurisdiction would be unreasonable.

Finally, plaintiffs could conceivably bring suit in the Eastern District of Pennsylvania, where jurisdiction over Rade would be certain. Nevertheless, on balance, Rade has not shown that the exercise of personal jurisdiction over him in California would be unreasonable.

Accordingly, the Court concludes that Rade has minimum contacts with California sufficient for personal jurisdiction as to plaintiff's claim for fraud.

In the April 19, 2021 hearing, Rade argued that the Court was impermissibly relying on plaintiff's fraud claim as a means of establishing personal jurisdiction over Rade because, Rade contends, the fraud claim fails on the merits. Specifically, Rade argued that he could not have made any misrepresentations about WireX's intent and ability to repay outstanding legal fees during the March 17, 2018 meeting between Farhad and Rade because plaintiff does not allege WireX fell behind on its payments to plaintiff until June 2018. Likewise, Rade argues that any misrepresentations made during the December 7, 2019 meeting could not have induced Farhad to continue rendering legal services because the legal representation ended in June 2019. Furthermore, Rade argued that nothing in the record demonstrates that Farhad or plaintiff relied on any of Rade's statements that WireX would pay its outstanding legal fees.

Rade's arguments, though, go to the merits of the fraud claim, and are thus more appropriate to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or a motion for summary judgment. What is relevant for this motion is whether plaintiff has made a prima facie showing of jurisdictional facts. Ballard, 65 F.3d at 1498. Plaintiff has

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
|----------|----------------------|------|----------------|
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

made such a showing, as described above. In any event, plaintiff's fraud claim does not hinge on the two in-person meetings between Rade and Farhad. Rather, plaintiff alleges that, "between September 2018 and June 2019, Rade repeatedly represented to Plaintiff that WireX would satisfy the balances owed by WireX for legal services rendered and costs and expenses incurred by Plaintiff on behalf of WireX," and that he did so "by telephone and by electronic mail[.]" Compl. ¶ 48. Accordingly, the Court concludes that the proper course of action is for Rade to challenge the merits of the fraud claim in this Court and, if successful, to move for dismissal based on lack of personal jurisdiction at that time, as appropriate. The Court finds that jurisdictional discovery is unnecessary at this juncture.

### B.    Fiduciary Shield Doctrine

Even if minimum contacts were established, Rade argues that personal jurisdiction is inappropriate because these contacts were made while he was acting in his official capacity as WireX's CEO. Mot. at 5, 7. "Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." Davis v. Metro Prods., Inc., 885 F.2d 515, 520 (9th Cir. 1989) (citations omitted). Under the fiduciary shield doctrine, the mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are also locally suable. j2 Global Communications, Inc. v. Blue Jay, Inc., No. C 08-4254, 2009 WL 29905, at * 5 (N.D. Cal. Jan. 5, 2009). However, "[t]here are exceptions to the fiduciary shield doctrine. One of them is for intentional tortious acts committed by an officer or owner." Park Miller, LLC v. Durham Grp., Ltd., No. 19-CV-04185-WHO, 2019 WL 6841216, at *9 (N.D. Cal. Dec. 16, 2019); see LeDuc v. Kentucky Cent. Life Ins. Co., 814 F. Supp. 820, 825 (N.D. Cal. 1992) (finding president of foreign corporation subject to specific personal jurisdiction on account of allegedly fraudulent statements made in capacity as president).

Here, plaintiff alleges that Rade committed fraud. Because this is an intentional tort, it falls into the exception to the fiduciary shield doctrine. Accordingly, whether or not Rade's allegedly fraudulent statements were made in his official capacity as CEO of

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

WireX, the fiduciary shield doctrine does not prevent this Court from exercising personal jurisdiction over Rade individually.[5]

### C. Pendent Jurisdiction

As discussed above, the Court has personal jurisdiction over plaintiff's claim that Rade committed fraud. However, where a plaintiff alleges more than one claim, "the court must have in personam jurisdiction over the defendant with respect to each claim." Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1289 n.8 (9th Cir. 1977). The Ninth Circuit "ha[s] explicitly adopted the concept of pendent personal jurisdiction." CE Distribution, LLC v. New Sensor Corp., 380 F.3d 1107, 1113 (9th Cir. 2004). "[U]nder the doctrine of pendent personal jurisdiction, a defendant may be required to defend a 'claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction.'" Id. (quoting Action Embroidery v. Atlantic Embroidery, 368 F.3d 1174, 1180 (9th Cir. 2004).

Here, plaintiff's claims sounding in contract arise from the same nucleus of operative fact as plaintiff's claim for fraud. Namely, each claim arises from the formation, performance and alleged breach of the Agreements. Accordingly, the Court exercises its discretion to assert pendent jurisdiction over each of plaintiff's claims sounding in contract. See id. ("[W]e conclude that the district court had discretion to exercise personal jurisdiction over the contract claim under the doctrine of pendent personal jurisdiction, because personal jurisdiction existed as to [plaintiff's] intentional tort claim."); Creative Healthcare Sol., 2008 WL 11342911, at *6 (exercising personal jurisdiction over all claims based on pendent jurisdiction where personal jurisdiction existed over fraud claim).

---

[5] Because the Court finds that personal jurisdiction is proper over plaintiff's fraud claim, and that Rade is not protected by the fiduciary shield doctrine, the Court does not address plaintiff's alternative argument that Rade is subject to personal jurisdiction as the alter ego of WireX. See Opp. at 11.

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

### D.    Transfer

Rade argues in the alternative that, even if the Court has personal jurisdiction over Rade, it would nevertheless be appropriate to transfer the case to the Eastern District of Pennsylvania, where Rade resides. Mot. at 13. Specifically, Rade argues that California is an inconvenient forum because he is 83 years old and the exclusive caregiver to his wife. Id. at 14. Furthermore, Rade contends that witnesses related to plaintiff's alter ego argument will be in Pennsylvania, because that is where WireX was based. Id. at 15. On the other hand, Rade argues that Pennsylvania will not be an inconvenient forum for plaintiff because plaintiff knowingly represented WireX, a Pennsylvania company, in litigation taking place in Colorado, and conducted depositions nationwide, including in Pennsylvania. Id.

Plaintiff responds that the case should not be transferred. Opp. at 14. First, plaintiff notes that both Agreements were drafted, negotiated (in part) and executed (in part) in California. Id. Furthermore, Novian is a citizen of California, and, plaintiff argues, Rade has purposefully availed himself of the forum. Id. Plaintiff argues that Rade has already demonstrated an ability to conduct business in California. Id. at 15. Finally, plaintiff argues that Rade has failed to specify the identity or location of any witnesses. Id.

Although it appears the suit may have been brought in the Eastern District of Pennsylvania, it does not appear that transfer there would serve the convenience of the parties, witnesses and the interest of justice. First, many of the witnesses, and perhaps all the documents, relevant to plaintiff's claims are in California. Furthermore, although Rade argues certain witnesses reside in Pennsylvania and will be inconvenienced if the litigation proceeds in California, Rade has not specified which witnesses he believes are in Pennsylvania, nor to what those witnesses would testify. See Adoma v. University of Phoenix, Inc., 711 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010) ("A party moving for transfer for the convenience of the witnesses must demonstrate through affidavits or declarations containing admissible evidence, who the key witnesses will be and what their testimony will generally include."). And while proceeding in California will no doubt inconvenience Rade, Rade does have family in California and visits occasionally. Accordingly, the Court declines to transfer the case.

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:20-CV-11715-CAS-Ex | Date | April 19, 2021 |
|---|---|---|---|
| Title | NOVIAN AND NOVIAN, LLP v. WIRELESS XCESSORIES GROUP, INC. ET AL | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to dismiss, and **DENIES** defendant's motion to transfer.

IT IS SO ORDERED.

|  | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |